IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBORAH WIESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-887-GPM |
| | ) |
| WAL-MART STORES, INC., a Delaware | ) |
| corporation, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand of this case to state court brought by Plaintiff Deborah Wiess (Doc. 8). In this action Wiess seeks damages for personal injuries allegedly caused to her on September 5, 2008, by a defective shopping cart on the premises of a retail store owned by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), in Highland, Illinois. This case first was filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and was removed to this Court by Wal-Mart on October 20, 2009.[1] Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship. Having reviewed carefully Wiess's motion and the record of this case, the Court now rules as follows.

---

1. The Court notes that it is not entirely clear from the record when Wal-Mart was served with Wiess's complaint, although the record suggests that Wal-Mart accepted service by facsimile transmission on September 25, 2009. *See* Doc. 2-3 at 1. However, as the parties do not dispute the timeliness of the removal of the case, it is unnecessary for the Court to consider the question further. *See In re Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4225654, at **3-4 (S.D. Ill. Nov. 13, 2007). *Cf. Yates v. A.W. Chesterton, Inc.*, Civil No. 09-659-GPM, 2009 WL 2777942, at *1 (S.D. Ill. Aug. 31, 2009).

As an initial matter the Court notes the standard under which it must evaluate Wiess's motion for remand of this case to state court. Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See also Speciale v. Seybold*, 147 F.3d 612, 614 (7th Cir. 1998); *Gowdy v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-850-GPM, 2009 WL 3584254, at *1 (S.D. Ill. Oct. 27, 2009). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, Civil No. 06-528-GPM, 2006 WL 3392752, at *1 (S.D. Ill. Nov. 22, 2006). The party seeking removal has the burden of establishing federal jurisdiction and "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Said differently, "there is a strong presumption in favor of remand." *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Federal removal jurisdiction is statutory in nature and is to be strictly construed."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

As already has been noted, the basis for federal subject matter jurisdiction in this case asserted by Wal-Mart is diversity of citizenship. In general, of course, for a court to exercise federal subject matter jurisdiction in diversity, a plaintiff's claim must be worth more than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Doles v. Johnson & Johnson*, Civil No. 09-862-GPM, 2009 WL 3349806, at *1 (S.D. Ill. Oct. 19, 2009); *Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *1 (S.D. Ill. Sept. 29, 2009). In Wiess's motion for remand of this case to state court, she contends that her claim against Wal-Mart does not satisfy the jurisdictional minimum sum required for the exercise of diversity jurisdiction.[2] The amount in controversy for diversity purposes in a given case is determined normally from the allegations of a plaintiff's complaint, although in evaluating whether a removed case lies within federal subject matter jurisdiction the court is not confined to the pleadings, of course, and instead can examine any materials in the record that shed light on the existence vel non of subject matter jurisdiction at the time the case was removed. *See McMillian v. Sheraton Chicago Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009); *Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997); *Harmon v. OKI Sys.*, 115 F.3d 477, 479-80 (7th Cir. 1997); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 834 n.2 (S.D. Ill. 2006). Once a removing defendant has shown by a preponderance of the evidence that the amount in controversy is satsfied, the plaintiff can defeat jurisdiction only if it is

---

2. There is no dispute that the requisite complete diversity of citizenship exists between the parties to this case. Wiess is a citizen of Illinois. *See O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009); *Willis v. Greenpoint Mortgage Funding, Inc.*, Civil No. 09-593-GPM, 2009 WL 2475285, at *1 (S.D. Ill. Aug. 11, 2009). Wal-Mart is a citizen of Delaware and Arkansas. *See* 28 U.S.C. § 1332(c)(1); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006).

legally certain that the plaintiff's recovery will be less than the jurisdictional minimum amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006); *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 (7th Cir. 1995); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3575267, at *2 (S.D. Ill. Oct. 26, 2009).

In this instance the sole ground cited by Wiess for remand of this case to state court is an affidavit dated October 22, 2009, in which Wiess states that her damages in this case exceed $50,000 but are less than $75,000. *See* Doc. 8-2. Obviously this is not evidence that the Court can consider in determining whether this case lies within diversity jurisdiction, as it is exceedingly well settled that the existence of federal subject matter jurisdiction in a removed case is determined as of the time of removal and is unaffected by post-removal stipulations that purport to reduce a plaintiff's recovery below the jurisdictional minimum amount for diversity purposes. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293-94 (1938); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006); *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); *O'Neill*, 2009 WL 3575267, at *2; *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp. 2d 768, 779-80 (S.D. Ill. 2006). However, despite the inadequacy of the evidence offered by Wiess regarding the amount in controversy in this case, the Court's own examination of the record leads it to believe that the jurisdictional amount is not satisfied. "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) (citing

*Smith v. American Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003)). *See also Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 588 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the . . . power to declare law, . . . and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (citation omitted). Having independently reviewed the existence of subject matter jurisdiction in this case, the Court concludes that the case is due to be remanded to state court.

It appears from the allegations of Wiess's complaint (Doc. 2-3) that the damages sought in this case are medical expenses, lost wages, and pain and suffering. Wiess does not allege emotional distress or mental anguish. Similarly, although both punitive damages and attorney's fees incurred up to the date a case is removed can properly be reckoned into the amount in controversy, *see Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995); *In re General Motors Corp. Dex-Cool*, No. Civ. MDL-03-1562-GPM, Civ. 05-10008-GPM, 2006 WL 2818773, at *10 (S.D. Ill. Sept. 27, 2006), Wiess's complaint contains no prayer for punitive damages or allegations of aggravated conduct by Wal-Mart that might warrant such an award, nor can the Court discern any mechanism under state law whereby Wiess might recover attorney's fees. The principal piece of evidence in the record concerning Wiess's damages is a demand letter from Wiess's counsel to Wal-Mart dated March 11, 2009, which states that as of that date Wiess had incurred medical expenses and lost wages in a total amount of $34,446.72 as a result of the accident giving rise to this case. *See* Doc. 2 at 8. It appears from the demand letter that Wiess's injuries are not permanent and

that, as of the date of the letter, she had largely recovered from her injuries and would be able to return to work in the very near future.  Similarly, although the demand letter seems to anticipate that Wiess might incur some additional medical expenses, the tenor of the letter suggests that these expenses likely would be fairly minor (the cost of prescription pain medication, for example).  In any event, evidence of damages in addition to the $34,446.72 specified in the letter is not before the Court, which, as noted, is required to construe the record in this case most strongly against removal and in favor of remand and state-court jurisdiction.  *See Reason v. General Motors Corp.*, 896 F. Supp. 829, 834-35 (S.D. Ind. 1995).

Thus, the Court is left to wrestle with the question of whether Wiess is reasonably likely to recover the approximately $40,000 in damages for pain and suffering necessary to bring her claim for relief within the Court's diversity jurisdiction.  The Court concludes that this is not reasonably probable.  Apart from the demand letter discussed above, Wal-Mart's allegations of a jurisdictionally-sufficient amount in controversy in this case consist of a repetition of the allegations of Wiess's complaint, which is not competent proof of jurisdiction.  *See King v. Wal-Mart Stores, Inc.*, 940 F. Supp. 213, 216-17 (S.D. Ind. 1996).  Also, while recognizing that, in evaluating the amount in controversy in a given case, verdicts in similar cases are not highly probative evidence, *see Cole v. Freightliner Corp.*, No. 91 C 733, 1991 WL 42163, at *2 (N.D. Ill. Mar. 21, 1991), the Court has reviewed Illinois case law and reports of jury verdicts and settlements in cases similar to this one.  The results of this review do not suggest that Wiess can recover damages for pain and suffering in connection with a non-permanent injury that has not significantly affected her ability to perform major life activities, such as working, in an amount that rather substantially exceeds her combined medical expenses and lost wages.  *See Goldstein v.*

*W.L. Gore & Assocs., Inc.*, 887 F. Supp. 168, 173 & n.7 (N.D. Ill. 1995) (surveying Illinois verdicts in cases involving minor or non-permanent personal injuries in determining that a potential award of damages for pain and suffering would not satisfy the jurisdictional amount in a removed case); *Poliszczuk v. Winkler*, 899 N.E.2d 1115, 1131-35 (Ill. App. Ct. 2008) (upholding as adequate jury awards to two plaintiffs of $6,000 and $2,000, respectively, for past and future pain and suffering where the injuries at issue were non-permanent and caused no disability that interfered with major life activities); *Black v. State*, 44 Ill. Ct. Cl. 95 (Ill. Ct. Cl. 1991) ($1,500 for pain and suffering caused by a non-permanent neck injury); *Mohamed v. Skupien*, No. 05-L-9089, 2008 WL 5666701 (Ill. Cir. Ct. July 2008) (award of $1,000 for pain and suffering resulting from non-permanent injuries that had caused the plaintiff to incur $2,500 in medical expenses); *Durley v. Foster-Webster*, Cause # 01-L-1748, 2003 WL 23484612 (Ill. Cir. Ct. Mar. 19, 2003) (award of $8,000 for past and future pain and suffering where the plaintiff's back strain did not interfere with her ability to work, attend school, and engage in daily activities). The Court concludes that Wiess's claim is not worth more than $75,000, exclusive of interest and costs. Accordingly, this case must be remanded to state court for lack of federal subject matter jurisdiction in diversity.

To conclude, Wiess's motion for remand of this case to state court (Doc. 8) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: November 4, 2009

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge